MOORE, Chief Justice
(concurring specially).
I concur in denying the petition for the writ of mandamus. I write separately to emphasize that the petition before us demonstrates why this • Court should avoid meddling in discovery matters before the trial court. In Ex parte USA Water Ski Inc., 135 So.3d 247 (Ala.2013), this Court held that a certain post-accident report was privileged under the work-product doctrine and directed the trial court to vacate its order compelling USA Water Ski, Inc., to produce the post-accident report. Although I did not write, I dissented for the reasons I dissented in Ex parte Mobile Gas Service Corp., 123 So.3d 499, 516 (Ala.2013), namely, because “I do not believe mandamus relief is proper in the context of discovery proceedings.”[1] “Discovery matters are within the trial court’s sound discretion, and this Court will not reverse a trial court’s ruling on a discovery issue unless the trial court has clearly exceeded its discretion.” Ex parte Ocwen Fed. Bank, FSB, 872 So.2d 810, 813 (Ala. 2003).
Now new facts have come to light in this case that suggest the post-accident report was not prepared in anticipation of trial and, hence, is not protected by the work-product doctrine. We are back to where we began: The trial court has ordered USA Water Ski to produce the post-accident report, and USA Water Ski again seeks a writ of mandamus directing the *979 trial court to protect the post-accident report as privileged under the work-product doctrine. This time the Court reaches the right conclusion by deferring to the trial court’s findings and denying the petition for a writ of mandamus. A trial court’s discretion in discovery matters is necessarily wide because discovery is detailed and intricate. Trial courts are more involved with the specific facts, the parties, and the evidence and are in a better position to evaluate what documents are or are not discoverable.
The trial court did not exceed its discretion by ordering the production of the post-accident report. Nor did its order require an extraordinary remedy that would necessitate this Court’s involvement in the case at this time. Therefore, I concur to deny the petition for a writ of mandamus.

. See also Ex parte Ocwen Fed. Bank, FSB, 872 So.2d 810, 817 (Ala.2003) (Moore, C.J., concurring in the result).